# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Todd Bey,<br><br>  Plaintiff,<br><br>v.<br><br>Harold Magnuson, et al.,<br><br>  Defendants. | No. CV-23-00081-TUC-SHR<br><br>**Order Dismissing Case for Lack of Jurisdiction** |

On February 13, 2023, Plaintiff Todd Bey, who is self-represented, filed a civil Complaint against Harold Magnuson and "Furgerson HVAC #1408." (Doc. 1).

On February 17, 2023, the Court dismissed the Complaint for lack of subject-matter jurisdiction and granted Bey leave to file an amended complaint within 14 days of that Order. (Doc. 4.) The Court gave Bey clear instructions to label any amended complaint as an "Amended Complaint" and to "state specific allegations against proper defendant(s) named as defendant(s), **identify the jurisdictional basis for this Court to hear the case**, identify who participated in which activities alleged in the complaint, and state what injury, if any, Plaintiff suffered as a result of the specific activities of each defendant." The Court also explained why it does not have jurisdiction based on Bey's first Complaint. Lastly, the Court also ordered Bey to either pay the filing fee or file a completed Application to Proceed In Forma Pauperis. (*Id.*)

On March 15, 2023, Bey filed what appears to be an Amended Complaint,

although he did not label as such. (Doc. 5.) Bey's Amended Complaint fails to cure the jurisdictional problems the Court explained in the February 17 Order. As the Court explained, the only way this Court can hear Bey's case is if he properly establishes either one of the following: (1) his case arises under the Constitution or the laws of the United States—this is called federal question jurisdiction; or (2) his case is between citizens of different states—this is called diversity jurisdiction. In order to properly allege federal question jurisdiction, Bey must identify which provisions of the Constitution or United States laws have been allegedly violated. He has failed to do so here.

In the "Basis for Jurisdiction" section of his Amended Complaint, Plaintiff has again checked both boxes for federal question and diversity of citizenship. In the section requiring him to list the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case, he has written:

- "Constitution of the United States Article III Sec. 2 & 3"
- "Please note: The Quo Warranto stands as law"

Article III, Section 2, as relevant here, explains that federal courts have jurisdiction over cases arising under the United States Constitution, the laws of the United States, cases in which the United States is a party, and cases "between citizens of different states." First, Article III, Section 2 is not a constitutional provision that gives Bey a right that Defendants could possibly violate—it merely explains when this and other federal courts have jurisdiction. Second, Article III, Section 3 is about treason and Bey has made no allegations about treason, so it is irrelevant. And, even if he was alleging something about treason, it would have to be in relation to a criminal case with the United States—not what appears to be a contract action against the Defendants he named in this case. Third, Bey's assertion about the "Quo Warranto" has no basis in law and, as a matter of law, does not "stand as law," as he incorrectly asserts.

In the section requiring Plaintiff to list the basis for diversity jurisdiction, he indicates he is a citizen of "Al Moroco, Amexem" and indicates both named Defendants are citizens of Arizona. Therefore, Plaintiff has failed to establish diversity jurisdiction

exists here. *See* 28 U.S.C. § 1332. To the extent Plaintiff may appear to represent he is a citizen of a foreign state, as he lists his citizenship as "Al Moroco, Amexem," the Court notes that is not a sovereign nation and cannot be the basis for foreign citizenship. And, to the extent he may be claiming to be a "sovereign citizen" outside the jurisdiction of the United States federal government, that claim has "no conceivable validity in American law." *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990); *see United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (collecting cases that reject such arguments as frivolous). Indeed, Plaintiff lists his address as being in Arizona, so there is no diversity of citizenship. Accordingly, Plaintiff has failed to establish diversity jurisdiction.

Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that is lacks subject-matter jurisdiction, the court must dismiss the action." For the reasons above, this Court lacks subject-matter jurisdiction to hear the case and therefore dismisses the Complaint. Therefore, the Court dismisses the Complaint without leave to amend. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (court may deny leave to amend complaint if amendment would be futile). Accordingly,

**IT IS ORDERED:**

(1) Plaintiff's Complaint is **DISMISSED with prejudice** for lack subject-matter jurisdiction

(2) The Clerk of Court shall docket accordingly and **close this case**.

Dated this 20th day of March, 2023.

Honorable Scott H. Rash
United States District Judge